IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VITO A. PELINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1232 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| ROBERT GILMORE, MICHAEL ZAKEN, | ) | Re: ECF No. 4 |
| and STEPHEN DURCO, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Vito A. Pelino, proceeding *pro se*, filed a Complaint in the above-titled action on September 21, 2018, raising civil rights violations at the State Correctional Institution at Greene, where he is imprisoned. ECF No. 1. Also on September 21, 2018, Plaintiff filed the instant Motion for Class Certification, seeking to maintain this lawsuit as a class action on behalf of himself and nine other prisoners. ECF No. 4.

Rule 23 of the Federal Rules of Civil Procedure requires that in order for a plaintiff to obtain class action certification, four elements must be satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. Fed. R. Civ. P. 23(a).

Plaintiff fails to satisfy at least one of these elements. As this Court has explained:

> It is well established … that a prisoner proceeding pro se, is unable to satisfy the fourth element of a class action suit. See Awala v. New Jersey Dept. of Corrections, 227 Fed. Appx. 133, 134 (3d Cir. 2007) (affirming the District Court where the "District Court dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b),

concluding that as a pro se prisoner without formal training in the law. . . Awala would not be able to adequately represent the interests of the class and maintain the suit as a class action"); Bricker v. McVey, 2009 U.S. Dist. LEXIS 30387, 2009 WL 960383 at *8 n.11 (M.D. Pa. April 7, 2009), quoting Carter v. Taylor, 540 F. Supp. 2d 522, 527 (D. Del. 2008) ("When confronting such a request from a prisoner, courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'"); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992), aff'd, 995 F.2d 216 (3d Cir. 1993) (table decision) (stating that "[e]very court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action").

Mearin v. Swartz, Civ. A. No. 11-669, 2012 U.S. Dist. LEXIS 54339, at *3-4 (W.D. Pa. Apr. 18, 2012).

As explained above, Plaintiff, a prisoner proceeding *pro se*, cannot meet the fourth element to obtain class certification. Accordingly, this Motion will be denied.

AND NOW, this 1st day of October, 2018, IT IS HEREBY ORDERED that the Motion for Class Certification, ECF No. 4, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE