IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITO A. PELINO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 18-1232 |
| ) | Judge David Stewart Cercone |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| ROBERT GILMORE, MICHAEL ZAKEN, ) | |
| and STEPHEN DURCO, ) | Re: ECF No. 12 |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

### I. INTRODUCTION

Plaintiff Vito A. Pelino ("Plaintiff"), proceeding *pro se*, filed a Complaint in the above-titled action on September 21, 2018, alleging civil rights violations by officials at the State Correctional Institution at Greene ("SCI-Greene"), where he is imprisoned. ECF No. 1.[1] Also on September 21, 2018, Plaintiff filed the instant Petition for Temporary Restraining Order and for Preliminary Injunction. ECF No. 12. On November 19, 2018, Defendants Robert Gilmore, Michael Zaken and Stephen Durco ("Defendants") filed a Response to the instant Petition. ECF No. 22.

Initially, it is noted that, although the Petition purports to seek both a temporary restraining order and a preliminary injunction, because Defendants have been provided with notice prior to the issuance of an order and because Plaintiff seeks injunctive relief for an indeterminate period of time, the Court will consider Plaintiff's Petition as a motion for a

---

[1] Plaintiff also filed a Motion for Class Certification, ECF No. 4, along with Witness Affidavits signed by seven other inmates at SCI-Greene, ECF Nos. 5-11. The Motion for Class Certification was denied on October 1, 2018, on the basis that a prisoner proceeding *pro se* cannot establish the requisite elements for class certification. ECF No. 13.

preliminary injunction only. See Fed. R. Civ. P. 65(a)(1), (b); Story v. Wetzel, Civ. A. No. 15-1241, 2017 U.S. Dist. LEXIS 18169, at *3 n.1 (W.D. Pa. Feb. 9, 2017).

## II. LEGAL STANDARD

Preliminary injunctive relief is an extraordinary remedy and should issue in only limited circumstances. Four factors inform a court's decision as to the issuance of a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will suffer irreparable harm if denied relief; (3) whether the requested relief will cause greater harm to the nonmovant; and (4) whether an injunction would be in the public interest. Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). The moving party's "failure to establish any element ... renders a preliminary injunction inappropriate." NutraSweet Co. v. Vit-Mar Enterprises, Inc., 176 F.3d 151, 153 (3d Cir. 1999). Further, the burden on the moving party is particularly heavy when the preliminary injunction is directed not merely at preserving the status quo, but at providing mandatory relief. Doe v. Banos, 416 F. App'x 185, 188 (3d Cir. 2010).

Finally, the Court notes that, "a prisoner's request for injunctive relief must 'be viewed with great caution' because of the 'intractable problems of prison administration.'" Milhouse v. Fasciana, 721 F. App'x 109 (3d. Cir. 2018) (quoting Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)). A prison regulation that imposes restrictions on an inmate's constitutional rights is valid if "it is reasonably related to legitimate penological interests." Hankins v. Wetzel, 640 F. App'x 130, 132-133 (3d Cir. 2016) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Ultimately, the inmate bears the burden of showing that the regulation is unreasonable. Hankins, 640 F. App'x at 132-133.

## III. DISCUSSION

### A. Factual Basis of Motion

In support of the instant Motion, Plaintiff alleges that officials at SCI-Greene have installed video cameras in the rooms, including one bathroom, where inmates are strip-searched before and after contact visits. ECF No. 12 ¶ 1. Plaintiff asserts that "the recording and storing of naked images of inmates is a criminal act in violation of Pennsylvania Law under 18 Pa. C.S.A. §7507.1, §5903, and 18 USCS §1801, and a violation of Plaintiff's Fourth Amendment right to (bodily privacy) under the Constitution of the United States and Article 1 § 1 of the Pennsylvania Constitution." Id. ¶ 6.

In their Response in opposition, Defendants argue that the present motion should be denied because Plaintiff is unable to show a likelihood of success on the merits. ECF No. 22 at 3. Defendants also represent that the area in which the inmates stand during the strip searches in question is equipped with an opaque barrier across the front of the security cage and that this barrier prevents the genitals/private areas of the inmates from being captured by the video surveillance. Id. at 5.

Based on this Court's review, it appears that the factual basis for Plaintiff's Motion, that "naked images" of inmates are being recorded and stored at SCI-Greene, is unfounded and that the Motion could be denied on this basis alone. Nonetheless, the Court will address the legal merits of Plaintiff's Motion.

### B. Legal Bases of Motion

#### 1. Criminal Statutes

As an initial matter, Defendants assert the inapplicability of the criminal statutes cited by Plaintiff. Id. at 8-10. Two of the statutes, 18 Pa. Cons. Stat. § 7507.1 (Invasion of privacy) and

3

18 U.S.C. § 1801 (Video voyeurism), specifically except actions which constitute correctional activity. 18 Pa. Cons. Stat. § 7507.1(d)(2) (excepting otherwise proscribed conduct if done by, *inter alia*, personnel of the Department of Corrections for security purposes); 18 U.S.C. § 1801(c) (excepting, *inter alia*, correctional activity).

Plaintiff does not specify which part of the third statute, 18 Pa. Cons. Stat. § 5903 (Obscene and other sexual materials and performances), he believes is relevant to this case. The statute prohibits, *inter alia*, the sale and showing of obscene materials. Obscene materials are those which have a subject matter which, taken as a whole, appeals to the prurient interest and depicts certain sexual content. 18 Pa. Cons. Stat. § 5903(b)("Obscene.") The recordings described by Plaintiff do not qualify as obscene materials. Thus, there is no reasonable probability that Plaintiff will succeed on the merits of his claims that Defendants' actions violate the identified criminal statutes.

### 2. United States Constitution

Defendants further assert that Plaintiff is unlikely to succeed in his claims that Defendants' actions violate the Fourth Amendment to the United States Constitution. ECF No. 22 at 5-8. The relevant law is as follows:

> As an initial matter, inmates do not have a Fourth Amendment right to be free of strip searches, which may be conducted by prison officials without probable cause provided that the search is conducted in a reasonable manner. See Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). In Bell, the Supreme Court held that a prison rule requiring pretrial detainees to expose their body cavities for visual inspection as part of a strip search conducted after every contact visit with a person from outside the facility did not violate the Fourth Amendment. Recently, in Florence v. Bd. of Chosen Freeholders of County of Burlington, 132 S. Ct. 1510, 182 L. Ed. 2d 566 (2012), the Supreme Court held that a jail policy of requiring that persons admitted to the jail remove their clothing and expose their genital areas for visual inspection as a routine part of the intake process also did not violate the Fourth Amendment. In doing so, the Court re-emphasized that "correctional officials must be permitted to devise reasonable search

> policies to detect and deter the possession of contraband in their facilities." Id. at 1517. Indeed, where security is involved, "deference must be given to the officials in charge of the jail unless there is substantial evidence demonstrating their response to the situation is exaggerated." Id. at 1518 (citation and internal quotation marks omitted). "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to [legitimate security interests,] courts should ordinarily defer to their expert judgment in such matters." Bell, 441 U.S. at 548 (citation omitted); Florence, 132 S. Ct. at 1518.
>
> Thus, in the context of the Fourth Amendment, courts must conduct a balancing of the need for a particular search against the invasion of personal rights that the search entails. "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559. Strip searches that are excessive, vindictive, harassing, or unrelated to any legitimate penological interest may violate the Fourth Amendment. See, e.g., Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).

Watson v. Beard, Civ. A. No. 09-87J, 2013 U.S. Dist. LEXIS 122756, at *20-22 (W.D. Pa. Aug. 28, 2013).[2]

Defendants represent that the searches at issue are done for security purposes and that the recording of the searches was instituted because of past incidents which resulted in unplanned uses of force and in allegations of abuse or misconduct against corrections staff. ECF No. 22 at 4. At this stage, there does not appear to be a reasonable probability that Plaintiff will be successful on the merits of a claim requiring the balancing of the legitimate penological interests advanced by Defendants with the video recording of non-private body parts.

### 3. Pennsylvania Constitution

Plaintiff baldly asserts that Defendants' actions violated Article I, § 1 of the Pennsylvania Constitution. ECF No. 12 ¶ 4. Article I, § 1 of the Pennsylvania Constitution provides: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and

---

[2] The sole case relied upon by Plaintiff in support of his Fourth Amendment claim, Arnzen v. Palmer, 713 F.3d 369 (8th Cir. 2013), concerns non-prisoners in Iowa and is non-binding and inapplicable.

protecting property and reputation, and of pursuing their own happiness." Although Pennsylvania courts have found that Article 1 § 1 provides a right to informational privacy, see, e.g., Reese v. Pennsylvanians for Union Reform, 173 A.3d 1143, 1146 (Pa. 2017), that right does not appear to be relevant to this case. Thus, Plaintiff fails to demonstrate a reasonable probability of success on the merits of this claim.

### 4. Retaliation

Finally, in the instant Motion, Plaintiff also seeks a preliminary injunction to bar retaliatory action by Defendants. ECF No. 12 ¶ 8. Plaintiff does not allege that any such retaliatory action is occurring. He is not entitled to relief on this speculative basis. See Mueses v. Hayes, Civ. A. No. 15-225E, 2016 U.S. Dist. LEXIS 62907, at *8 (W.D. Pa. Jan. 5, 2016).

## V. CONCLUSION

Having failed to demonstrate one of the requisite elements for a preliminary injunction, that his claims have a reasonable probability of success on their respective merits, Plaintiff is not entitled to the extraordinary remedy of preliminary injunctive relief.

AND NOW, this 3rd day of December, 2018, IT IS HEREBY ORDERED that the instant Motion for preliminary injunction, ECF No. 12, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any

appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE