# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITO A. PELINO, | ) |
| Plaintiff, | ) Civil Action No. 18-1232 |
| | ) District Judge David Stewart Cercone |
| v. | ) Magistrate Judge Maureen P. Kelly |
| ROBERT GILMORE, MICHAEL ZAKEN, | ) Re: ECF No. 60 |
| and STEPHEN DURCO, | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Vito A. Pelino ("Plaintiff"), an inmate at the State Correctional Institution at Greene ("SCI-Greene"), has presented a civil rights complaint which he has been granted leave to prosecute *in forma pauperis*. ECF Nos. 2, 39. In this action, Plaintiff claims that Defendants violated his Fourth Amendment right to bodily privacy by "implement[ing] a policy of video-recording strip searches of inmates going to, and coming from contact visits, and while using the bathroom." ECF No. 39 ¶ 8.

Presently before this Court is Plaintiff's Motion for Appointment of Counsel, ECF No. 60, which requires the Court to determine whether, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action.

In considering a motion for the appointment of counsel, the Court must determine whether to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1), fully recognizing that if successful counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives the

Court broad discretion to determine whether the appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); see also Tabron, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. the amount the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457. "This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of Plaintiff's allegations, it would appear that the appointment of counsel is not warranted and, therefore, the Court will not exercise its discretion.

Initially, it does not appear with any degree of certainty that Plaintiff is setting forth a factual basis that demonstrates he will ultimately prevail on the merits. See ECF No. 28

2

(denying motion for preliminary injunction because Plaintiff has not demonstrated a reasonable probability of success on the merits).

Nevertheless, in considering factors one and two, the litigant's ability to present his case and the difficulty of the legal issues involved, these factors do not weigh in favor of appointing counsel. Nothing in the record indicates that Plaintiff is incapable of presenting his case. In fact, Plaintiff has demonstrated his ability to file and respond to motions. See, e.g., ECF Nos. 12, 37, and 50. Plaintiff has also proceeded *pro se* in other actions before this Court, including the pursuit of an appeal to the United States Court of Appeals for the Third Circuit.[1] Plaintiff's sole legal claim under the Fourth Amendment does not present any particularly complex legal issues, and Plaintiff has demonstrated an understanding of this claim in filings to date.

With respect to the third, fourth, and fifth factors, at this stage, this case does not appear likely to turn on credibility determinations to any significant degree, to require the testimony of expert witnesses, or to involve complex factual investigation beyond Plaintiff's ability. Plaintiff has argued that videotape evidence is available to support his claims, and he has already taken steps to preserve and obtain that evidence. See ECF Nos. 51, 55.

Indeed, the only factor that seemingly weighs in Plaintiff's favor is the fact that he would be unable to afford to retain counsel on his own behalf as evidenced by his having requested and been granted *in forma pauperis* status. While it may be that this factor weighs in favor of appointing counsel, standing alone, it does not outweigh the other factors discussed. See Torrence v. Saunders, No. 10-922, 2012 WL 137744, at *2 (D.N.J. Jan. 18, 2012); Torres v. Yocum, No. 3:cv-11-1582, 2011 WL 6100333, at *2 (M.D. Pa. Dec. 07, 2011); Ortiz v. Schmidt,

---

[1] See, e.g., Pelino v. Logan, at Case No. 19-355; Pelino v. Wetzel, et al., at Case No. 18-1308.

3

No. 10-5403, 2011 WL 282745, at *2 (D.N.J. Jan. 24, 2011).[2]

The Court does not intimate that Plaintiff would not benefit from the appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of the Court's discretion. Thus, balancing Plaintiff's able litigation thus far with the acknowledged scarcity of available *pro bono* resources, the Court declines to exercise its discretion at this time to request counsel to represent plaintiff in the prosecution of this action. See Houser v. Folino, 927 F.3d 693, 700 (3d Cir. 2019).

Accordingly, the following Order is entered:

AND NOW, this 13th day of August 2019, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel, ECF No. 60, is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] It should also be noted that under our Local Rules of Court, motions for the appointment of counsel submitted by incarcerated individuals who are proceeding pro se, as Plaintiff is, are not to be granted until after dispositive motions have been resolved absent special circumstances. W.D. Pa. LCvR 10C. This case has not yet reached that stage, and there are no special circumstances present.

4

cc: Vito A. Pelino
KP4339
SCI GREENE
175 Progress Dr.
Waynesburg, PA 15370

All counsel of record via CM/ECF