# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITO A. PELINO, | )<br>) |
| Plaintiff, | ) Civil Action No. 18-1232<br>) Judge David Stewart Cercone |
| v. | ) Magistrate Judge Maureen P. Kelly<br>) |
| ROBERT GILMORE, MICHAEL ZAKEN, and STEPHEN DURCO, | ) Re: ECF Nos. 75, 76, 77, 79, 81 and 82<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM ORDER

Plaintiff Vito A. Pelino ("Plaintiff") brings this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 3. Plaintiff is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), and he asserts claims against three SCI-Greene employees. Plaintiff alleges that Defendants violated his Fourth Amendment right to bodily privacy through SCI-Greene's policy of video-recording strip searches.

Presently before the Court are six Motions for an Order Compelling Discovery ("Motions to Compel Discovery") filed by Plaintiff and Defendants' responses thereto. ECF Nos. 75, 76, 77, 79, 81, 82, 83 and 90. For the reasons set forth below, Plaintiff's Motions to Compel at ECF Nos. 75 and 76 are denied as moot. Plaintiff's Motion to Compel at ECF No. 77 is granted to the extent Defendants are ordered to provide responses to Plaintiff's First Request for Production of Electronically Stored Information on or before December 16, 2019. Plaintiff's Motions to Compel at ECF Nos. 79, 81 and 82 are denied.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff's Complaint was filed on September 21, 2018, and he later filed the operative Amended Complaint on January 7, 2019. ECF Nos. 3, 39. In his Amended Complaint, Plaintiff

claims that Defendants violated his Fourth Amendment rights by "implement[ing] a policy of video-recording strip searches of inmates going to, and coming from contact visits, and while using the bathroom." ECF No. 39 ¶ 8. Plaintiff alleges that inmates are subjected to strip searches "with their genitals and private parts in full view of a 360 degree ceiling camera every time they wish to have contact visits, or use the bathroom during visits." Id. ¶ 12. These recordings are stored and "viewed at all times by SCI-Greene's security staff," which includes prison officials not present during the search and individuals if the opposite sex." Id. ¶ 13.

On January 25, 2019, Defendants moved to dismiss Plaintiff's Amended Complaint. Defendants argued that Plaintiff's claims should be dismissed because the searches are reasonable under the standard set forth in Bell v. Wolfish, 441 U.S. 520, 558 (1979), and therefore do not violate Plaintiff's Fourth Amendment rights. ECF No. 41. In support of their Motion, Defendants relied in part on a declaration from Defendant Michael Zaken (the "Zaken Declaration"). Zaken identified various precautions that SCI-Greene officials purportedly have taken to ensure that inmates' private areas are not recorded during strip searches and to limit the circumstances in which the videos are viewed. Id. at 8. The Zaken Declaration that Defendants filed is partially redacted. ECF No. 22-1.

On July 24, 2019, the Court issued a Report and Recommendation which recommended that the Motion to Dismiss be denied. The Court concluded that "Plaintiff's allegations that nude images of Plaintiff are recorded and stored for an unknown amount of time, are viewed by various prison officials, including officials of the opposite sex, and that this policy was imposed for retaliatory purposes, raise questions of fact at this early stage." ECF No. 56. United States District Judge David S. Cercone adopted the Report and Recommendation on July 29, 2019. ECF No. 58.

2

On August 26, 2019, the Court issued a case management order allowing a period for discovery until January 1, 2020. Since the commencement of the discovery period, Plaintiff has filed six Motions to Compel Discovery. ECF Nos. 75, 76, 77, 79, 81 and 82. Defendants filed responses in opposition to these Motions. ECF Nos. 83, 90. We will address each Motion separately.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the

3

potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

## III. DISCUSSION

### A. Motions to Compel Discovery (ECF Nos. 75 and 76)

In the Motions to Compel Discovery filed at ECF Nos. 75 and 76, Plaintiff requests that the Court compel Defendants to respond to Plaintiff's First Set of Interrogatories and First Request for the Production of Documents and seeks reasonable expenses for bringing these Motions. On October 24, 2019, Plaintiff submitted a supplemental filing notifying the Court that he has since received responses to these discovery requests and therefore asks the Court to "disregard" these Motions. ECF No. 80. Accordingly, the Motions to Compel Discovery at ECF Nos. 75 and 76 are denied as moot.

### B. Motion to Compel Discovery (ECF No. 77)

In the Motion to Compel Discovery filed at ECF No. 77, Plaintiff requests an order compelling Defendants to respond to Plaintiff's First Request for Production of Electronically Stored Information ("ESI Requests"). Plaintiff seeks the production by Defendants Zaken and/or Gilmore of video surveillance of the visiting strip-search room at four specified dates and times. ECF No. 77-1. On October 24, 2019, Plaintiff submitted a supplemental filing notifying the Court that Defendants have since responded to other discovery requests that Plaintiff propounded, but that Defendants' responses to the ESI Requests remained outstanding. ECF No. 80 ¶¶ 3, 6.

Although Defendants claim they have already responded to these requests, the citations they provide the Court do not support this proposition. In their Brief in Opposition, Defendants refer the Court to Plaintiff's admission that he received some discovery responses in his supplemental filing, ECF No. 80, but Plaintiff specifically denies receiving responses to the ESI

4

Requests in the document that Defendants cite. See ECF No. 83 ¶ 10; ECF No. 80 ¶¶ 3, 6 (noting that, on October 15, 2019, Plaintiff received responses to "all discovery requests except for the production of electronically stored information, which to date, has not yet been responded to"). Defendants further cite to their discovery responses docketed at ECF Nos. 79-1, 79-2, and 81-2—none of which are Defendants' responses to the ESI Requests. ECF No. 83 ¶ 12. As a result, it is unclear if Defendants have provided responses to the ESI Requests in compliance with Federal Rule of Civil Procedure 34.

The Court therefore grants Plaintiff's Motion to Compel Discovery, ECF No. 77, to the extent that Defendants Zaken and Gilmore are hereby ordered to specifically respond to the ESI Requests on or before December 20, 2019. With respect to Plaintiff's request for $32.20 in expenses for obtaining this Order,[1] this request is denied. Plaintiff has not identified reasonable efforts taken to obtain this discovery prior to seeking Court intervention, and Plaintiff admits in other filings that he was granted access to view any available videos that he requested. See Fed. R. Civ. 37(a)(5)(A)(i) and (ii); ECF No. 86.

### C. Motion to Compel Discovery (ECF No. 79)

In this Motion to Compel Discovery at ECF No. 79, Plaintiff seeks to compel further responses to Interrogatory Nos. 6-8 and 20 of Plaintiff's First Set of Interrogatories. Defendants have filed a Response in opposition, arguing that they have sufficiently responded or properly objected to these requests and no further responses are required. ECF No. 90. For the reasons set forth below, Plaintiff's Motion to Compel, ECF No. 79, is denied.

#### 1. Interrogatory Nos. 6 and 7

---

[1] The Court also notes that Plaintiff has not produced documentation to support expenses of $32.20. While he has attached his September 2019 monthly account statement that indicates he paid postage at certain times, this filing was submitted in October 2019 and there are no payments identified in the monthly statement that appear to support Plaintiff's requested amount.

5

In Interrogatory Nos. 6 and 7, Plaintiff seeks information regarding accusations of sexual misconduct against Defendants and information regarding the criminal history of or accusations of crimes against Defendants and their subordinates. In his Motion to Compel, Plaintiff argues that this information is necessary to "demonstrate to the Court a history and/or pattern of the officers under the Defendants' command/supervision abusing their authority and violating the rights of prisoners." ECF No. 79 ¶ 6. Plaintiff further argues that Defendants' objections based on privilege and/or confidentiality are improper because Defendants do not meet the formal requirements for asserting executive privilege and Defendants have admitted the authenticity of news articles related to criminal convictions of two subordinates. Id. ¶¶ 2-4.

In response, Defendants argue that Interrogatory No. 6 is overbroad, because it is directed to any employee, regardless of whether the employee participated in monitoring visiting strip searches. ECF No. 90 at 3-4. Defendants further argue that these requests seek information that is not relevant or proportional to the needs of the case, and they seek privileged and confidential information, insofar as disclosure of this information to an inmate could compromise security at the facility. Id.

Upon review, the Court denies Plaintiff's request as to Interrogatory Nos. 6 and 7. Plaintiff's discovery requests as to any employee are clearly overbroad. Defendants or their subordinates' prior misconduct or allegations of prior misconduct are not relevant to determining the reasonableness of the strip search policy under the Fourth Amendment.

### 2. Interrogatory No. 8

In Interrogatory No. 8, Plaintiff seeks information regarding the sexual orientation of Defendants. Plaintiff argues that this information is necessary to determine whether Defendants' sexual orientation may have played a role in the implementation of the strip search policy at issue.

6

ECF No. 79 ¶ 14. In response, Defendants object that this interrogatory seeks information that is not relevant or proportional to the needs of the case, as it does not advance the inquiry into the reasonableness of the strip search policy at SCI-Greene, and seeks information that is privileged and confidential, which could undermine or compromise facility security if disclosed. ECF No. 90 at 4.

Upon review, this request is denied. Contrary to Plaintiff's assertion, this interrogatory does not seek any information regarding either the genesis or reasonableness of the strip search policy under the Fourth Amendment. The Court finds that this interrogatory improperly seeks to invade confidential, personal information regarding Defendants that is in no way relevant to Plaintiff's claims.

### 3. Interrogatory No. 20

In Interrogatory No. 20, Plaintiff seeks information regarding the "visual capabilities" of the camera in the strip search room. In his Motion, Plaintiff argues that Defendants' response that the camera is a "fixed camera" does not answer Plaintiff's question. ECF No. 79 ¶ 16. In response, Defendants dispute Plaintiff's characterization of the sufficiency of their response, and further argue that detailed information regarding the capabilities of this camera could undermine and compromise facility security. ECF No. 90 at 5.

Upon review, this request is denied. Defendants have responded to the inquiry. Further details regarding the camera's capabilities are not relevant to Plaintiff's claim and may pose security risks if disclosed.

### D. Motion to Compel Discovery (ECF No. 81)

In his Motion to Compel Discovery filed at ECF No. 81, Plaintiff seeks to compel further responses to his Requests for Production Nos. 1 through 6. Defendants filed a Response opposing

Plaintiff's Motion, arguing that Plaintiff's requests are subject to proper objections and that no further documents are required to be produced. ECF No. 83. For the reasons set forth below, Plaintiff's Motion to Compel, ECF No. 81, is denied.

### 1. Request for Production No. 1

In Request for Production No. 1, Plaintiff requests that Defendants produce Plaintiff's complete prison record. In his Motion to Compel Discovery, Plaintiff refers to Defendants' claim that the strip search policy was implemented in response to incidents involving allegations of excessive force or abuse by corrections staff. ECF No. 81 ¶ 8. Plaintiff argues that his prison record will demonstrate that he does not have a history of false allegations or assaults and can be used to bolster his credibility upon cross-examination. Id. ¶¶ 9, 10. In their Response, Defendants object to producing these documents, arguing that this request is overbroad and seeks information that is not relevant, noting that Defendants have not alleged the policy is based upon Plaintiff's personal conduct. ECF No. 90 at 5-6.

Upon review, the Court agrees with Defendants that this request is overly broad and seeks information that is not relevant, because Defendants do not claim that the relevant policy is based on Plaintiff's conduct. Moreover, by requesting his entire prison record, Plaintiff seeks various documents that are not relevant to the specific issue he raises here, or more broadly to Plaintiff's claim. The Court also notes that Plaintiff has personal knowledge of his own conduct and whether he ever made any "false allegations." Even if Plaintiff's history of allegations against corrections staff arguably had any relevance, Plaintiff is already in possession of this information. Therefore, this request is denied.

### 2. Request for Production No. 2

In Request for Production No. 2, Plaintiff seeks the production of incident reports for any incidents that prompted the installation of the strip-room search cameras. In his Motion to Compel Discovery, Plaintiff argues that Defendants made this information relevant by citing to these incidents as the reason for the policy at issue. ECF No. 81 ¶ 14. In their Response, Defendants object to producing these records, arguing that the production of information to an inmate regarding other inmates violates Pennsylvania Department of Corrections ("DOC") policy and infringes upon the privacy interests of other inmates. ECF 90 at 6.

Upon review, the Court notes that incident reports regarding other inmates could potentially contain confidential information about those inmates as well as any named staff members and would create a security risk. See Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *3 (W.D. Pa. Sept. 7, 2016) (denying request to produce grievances that potentially contained confidential information regarding inmates and staff). At the same time, Defendants have provided Plaintiff with information regarding the nature of the incidents that led to the creation of the policy, and Plaintiff does not demonstrate a need for the underlying incident reports. See, e.g., ECF No. 22-1. Given the potential privacy and security concerns implicated by Plaintiff's request and Plaintiff's prior receipt of information relevant to this issue, the Court denies this request.

### 3. Request for Production No. 3

In Request for Production No. 3, Plaintiff requests that Defendants produce an unredacted version of the Zaken Declaration. Plaintiff previously received the Zaken Declaration with three sentences redacted. ECF No. 22-1 ¶¶ 13-14. Plaintiff argues that this document should be produced in full, because Defendants cannot legally claim privilege, lack of relevance or confidentiality. ECF No. 81 ¶¶ 19. In their Response, Defendants do not specifically address this

9

request and instead stand on their objections. ECF No. 90 ¶ 11. Specifically, Defendants object to producing this document on the grounds that is privileged, confidential, and a security concern if provided to an inmate, and because it is not relevant and proportional to the needs of the case.

Based on the Court's *in camera* review of the unredacted Zaken Declaration, the Court agrees with Defendants that disclosure could endanger facility security if disclosed. Accordingly, this request is denied.

### 4. Request for Production No. 4

In Request for Production No. 4, Plaintiff seeks rules, regulations, and policies of the DOC regarding inmate strip-searches, including, but not limited to, Policy No. 06.03.01 (Facility Security Procedures Manual), section 1- responsibilities; section 30-searches; section 32-use of force, general provisions & video recording; and section 42-operation of cctv monitoring and recording. Plaintiff argues that these documents are relevant because they pertain to the DOC's policies and procedures for video recording and monitoring and are therefore necessary for Plaintiff to determine whether Defendants are in violation of DOC policy. ECF No. 81 ¶ 20. In response, Defendants argue that this is a confidential policy and procedures manual governing certain aspects of the DOC's institutional operation, and that disclosure of such information to an inmate could endanger facility security. ECF No. 90 at 6. Defendants note that courts have sustained objections to the "wholesale release" of this policy manual on these grounds. Id.

Upon review, Plaintiff's request is denied. As Defendants note, these procedural manuals contain confidential policies and procedures for facility security and control, which could undermine institutional security if produced to inmates. See Mercaldo v. Wetzel, No. 1:13-cv-1139, 2016 WL 5851958 (M.D. Pa. Oct. 6, 2016) (noting that "numerous federal courts in Pennsylvania have sustained the Department of Corrections' objections to wholesale release of the

10

procedures manuals 6.5.1 and 6.3.1). At the same time, these materials do not appear likely to contain information relevant to Plaintiff's claim. Although Plaintiff requests various DOC policies, he claims that the video recording policy at issue here is specific to SCI-Greene, and it is not a DOC policy. See ECF No. 39 ¶ 8.

### 5. Request for Production No. 5

In Request for Production No. 6, Plaintiff requests any and all statements, originals or copies, identifiable as reports, complaints and/or grievances about strip-search policy and practice at SCI-Greene from April 1, 2018 to present. Plaintiff argues that these documents are necessary to "establish motive, intent, preparation, or plan on the part of the Defendants." ECF No. 81 ¶ 26. Defendants oppose this request, arguing that complaints made by other inmates about the policy are not discoverable because it is against DOC policy to produce information regarding inmates to other inmates and it unduly infringes upon inmates' privacy interests.

Upon review, the Court finds that this request is of questionable relevance, is overly broad, and seeks information that could unduly infringe upon the privacy rights of other inmates with respect to various issues not related to Plaintiff's claims. Grievances or complaints regarding strip searches are not reasonably calculated to produce information regarding Defendants' "motive" in implementing the policy at issue. Accordingly, this request is denied.

### 6. Request for Production No. 6

In Request for Production No. 6, Plaintiff requests "[a]ny and all internal memos, communications, works orders, or policies for the installment of the visiting strip camera(s)." Plaintiff argues that these documents are necessary "to refute, or corroborate the Defendant's version of events leading up to the installation of the camera." ECF No. 81 ¶ 15. In their Response, Defendants argue that information related to the installation of the strip cages and video cameras

11

could compromise facility security if provided to inmates, and it is not relevant to determining the reasonableness of the strip search policy under the Fourth Amendment. ECF No. 90 at 7.

Upon review, this request is also denied. Documents related to the installation of the camera are not reasonably calculated to lead to the discovery of evidence relevant to Plaintiff's claims and may pose institutional security concerns if produced to inmates.

### E. Motion to Compel Discovery (ECF No. 82)

In this Motion to Compel Discovery filed at ECF No. 82, Plaintiff argues that Defendants have improperly denied or objected to four Requests for Admission propounded on Defendants. Defendants have filed a Response opposing Plaintiff's Motion, standing on their objections and responses. ECF No. 90. For the reasons set forth below, Plaintiff's Motion to Compel Discovery, ECF No. 82, is denied.

#### 1. Requests for Admission No. 3

In Request for Admission No. 3, Plaintiff seeks an admission that Defendant Gilmore previously rejected Plaintiff's efforts to preserve video footage dated April 6, 2019. Defendants stand on their response, in which this request is denied as stated and further asserts the "defendant never actively refused to preserve video. This video has been preserved."

Upon review, there is no basis to compel Defendants to amend their response. Plaintiff previously represented to the Court that the DOC had agreed to preserve this video footage, the Court has ordered it to be preserved, and it has, in fact, been preserved. ECF No. 51 ¶ 5; ECF No. 55; ECF No. 82 ¶ 6. There is no meaningful dispute.

#### 2. Request for Admission No. 4

In Request for Admission No. 4, Plaintiff seeks an admission that, prior to the submission of Plaintiff's Prison Rape Elimination Act ("PREA") complaints, Defendant Gilmore notified

Defendant Zaken "of Plaintiff's concerns regarding the visiting room strip searches via informal resolution dated 3/25/18." ECF No. 82 ¶ 8. Defendants stand on their response, in which this request is denied as stated, and Defendants admit that "a request slip dated March 25, 2018 . . . was received from plaintiff and a response was provided on March 29, 2018. As a written document, the content thereof speaks for itself." Id. ¶ 9. Plaintiff disputes the sufficiency of this response, because the March 25, 2018 document indicates that it is signed by Gilmore and Durco and Zaken were copied.

Upon review, there is no basis to compel Defendants to amend their response. Although Plaintiff points to the fact that Defendants were copied on the March 25, 2018 correspondence, Defendants have acknowledged and admitted they received this same document. Again, there is no meaningful dispute.

### 3. Requests for Admission Nos. 5 and 6

In Requests for Admission Nos. 5 and 6, Plaintiff seeks admissions regarding the criminal convictions of former SCI-Greene employees in 2010 and 2017 involving misuse of a computer and sexual assault. Defendants have objected to these requests on the grounds that the information sought is privileged, confidential, and not relevant or proportional to the needs of this case. In his Motion to Compel Discovery, Plaintiff argues that this information is relevant to show that the policy at issue is improper, because certain DOC employees have misused computer access and behaved in sexually inappropriate ways.

Upon review, the Court agrees that Plaintiff's request seek admissions that are not relevant to Plaintiff's claim. The officers identified in these requests are not current employees and are not involved in the implementation of the policy at issue.

13

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motions to Compel Discovery at ECF Nos. 75, 75, 79, 81 and 82 are all denied. Plaintiff's Motion to Compel Discovery is granted to the extent that Defendants are ordered to provide responses to Plaintiff's First Request for Production of Electronically Stored Information.

## **ORDER**

WHEREFORE, it is hereby ORDERED on this 6th day of December, 2019:

1. Plaintiff's Motions for an Order Compelling Discovery at ECF Nos. 75 and 76 are denied as moot.

2. Plaintiff's Motion for an Order Compelling Discovery at ECF No. 77 is granted only to the extent that Defendants are hereby ordered to provide specific responses to Plaintiff's First Request for Production of Electronically Stored Information on or before December 20, 2019.

3. Plaintiff's Motions for an Order Compelling Discovery at ECF Nos. 78, 81 and 82 are denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN R. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Vito A. Pelino
KP4339
SCI GREENE
175 Progress Dr.
Waynesburg, PA 15370

All counsel of record via CM/ECF