# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITO A. PELINO, | |
| Plaintiff, | Civil Action No. 18-1232 |
| | Judge David Stewart Cercone |
| v. | Magistrate Judge Maureen P. Kelly |
| ROBERT GILMORE, MICHAEL ZAKEN, and STEPHEN DURCO, | Re: ECF No. 86 |
| Defendants. | |

## MEMORANDUM ORDER

Plaintiff Vito A. Pelino ("Plaintiff") brings this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 3. Plaintiff is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), and he asserts claims against three SCI-Greene employees. Plaintiff alleges that Defendants violated his Fourth Amendment right to bodily privacy through SCI-Greene's policy of video-recording strip searches.

Presently before the Court is a Motion for Sanctions filed by Plaintiff and Defendants' Response. ECF Nos. 86, 91. For the reasons set forth below, this Motion is denied.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff's Complaint was filed on September 21, 2018, and he later filed the operative Amended Complaint on January 7, 2019. ECF Nos. 3, 39. In his Amended Complaint, Plaintiff claims that Defendants violated his Fourth Amendment rights by "implement[ing] a policy of video-recording strip searches of inmates going to, and coming from contact visits, and while using the bathroom." ECF No. 39 ¶ 8. Plaintiff alleges that inmates are subjected to strip searches "with their genitals and private parts in full view of a 360 degree ceiling camera every time they wish to have contact visits, or use the bathroom during visits." Id. ¶ 12. These recordings are stored and

"viewed at all times by SCI-Greene's security staff," which includes prison officials not present during the search and individuals if the opposite sex." Id. ¶ 13.

On January 25, 2019, Defendants moved to dismiss Plaintiff's Amended Complaint. Defendants argued that Plaintiff's claims should be dismissed because the searches are reasonable under the standard set forth in Bell v. Wolfish, 441 U.S. 520, 558 (1979), and therefore do not violate Plaintiff's Fourth Amendment rights. ECF No. 41. In support of their Motion, Defendants relied in part on a declaration from Defendant Michael Zaken (the "Zaken Declaration"). Zaken identified various precautions that SCI-Greene officials purportedly have taken to ensure that inmates' private areas are not recorded during strip searches, including the use of a security cage with an opaque barrier to conceal inmates' private areas from the camera's view. Id. at 8; ECF No. 22-1 ¶ 11.

On July 24, 2019, the Court issued a Report and Recommendation which recommended that the Motion to Dismiss be denied. The Court concluded that "Plaintiff's allegations that nude images of Plaintiff are recorded and stored for an unknown amount of time, are viewed by various prison officials, including officials of the opposite sex, and that this policy was imposed for retaliatory purposes, raise questions of fact at this early stage." ECF No. 56. United States District Judge David S. Cercone adopted the Report and Recommendation on July 29, 2019. ECF No. 58.

On April 15, 2019, Plaintiff filed a Motion to Preserve Evidence, requesting that the Court order Defendants to preserve surveillance footage from the visiting strip-search room dated April 6, 2019. ECF No. 51. Plaintiff argued that precautions identified in Zaken's Declaration were not implemented on this date, and the video could be used to rebut Defendants' defenses in this case. In response, Defendants notified the Court that Defendants' counsel had requested the video

be preserved on April 15, 2019. ECF No. 53. The Court granted this Motion on April 29, 2019. ECF No. 55.

On August 26, 2019, the Court issued a case management order allowing a period for discovery until January 1, 2010. Plaintiff filed the instant Motion for Sanctions on November 6, 2019, requesting that the Court impose sanctions for Defendants' purported spoliation of electronically stored information. Defendants filed a Response opposing Plaintiff's Motion on November 15, 2019. ECF No. 91.

The Motion for Sanctions is ripe for consideration.

## II. LEGAL STANDARD

"Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." Bull v. United Parcel Serv. Inc., 665 F.3d 68, 73 (3d Cir. 2012). The United States Court of Appeals for the Third Circuit historically has held that "a finding of bad faith is pivotal to a spoliation determination." Id. at 79.

Federal Rule of Civil Procedure 37(e) addresses sanctions available for a party's loss or destruction of electronically stored information ("ESI"). Rule 37(e) provides:

> **(e) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> **(A)** presume that the lost information was unfavorable to the party;

3

**(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or

**(C)** dismiss the action or enter a default judgment.

Thus, under Rule 37(e), "a party's loss of ESI may be sanctionable when: (1) litigation is ongoing or anticipated, (2) the party failed to take reasonable steps to preserve the ESI, and (2) the information lost cannot be restored or replaced through additional discovery." CIGNEX Datamatics, Inc. v. Lam Research Corp., No. 17-320, 2019 WL 1118099, at *2 (D. Del. March 11, 2019).

"Rule 37(e)(1) allows for curative measures when a party's loss of ESI causes prejudice to another party, while Rule 37(e)(2) allows for more severe sanctions when the loss of ESI occurred with 'intent to deprive another party of the information's use in litigation.'" Id. (citing Fed. R. Civ. P. 37(e)(1) and (2)). Whereas Rule 37(e)(1) addresses a party's negligent or grossly negligent failure to preserve ESI, subsection (e)(2) addresses instances of a party's intentional destruction or loss of ESI. Id.

### III. DISCUSSION

In his Motion for Sanctions, Plaintiff requests sanctions under Federal Rule of Civil Procedure 37(e)(2)(A) and (B) for Defendants' purported failure to preserve ESI. In particular, Plaintiff claims that Defendants improperly failed to preserve video footage of strip searches dated April 13, 2018; May 18, 2018; and August 2, 2018. Plaintiff requests that the Court presume that the lost information was unfavorable to Defendants and, if trial later takes place, instruct the jury that it may or must presume the information was unfavorable to Defendants.

In support of his Motion, Plaintiff asserts that he previously filed three Prison Rape Elimination Act ("PREA") complaints in connection with the video-recorded strip searches on the April, May, and August 2018 dates at issue. ECF No. 86 ¶ 3. In the third PREA complaint, dated

4

August 2, 2018, Plaintiff asserted that the practice of using cameras in the strip-search/bathroom at SCI-Greene violated his Fourth Amendment rights to bodily privacy, and he stated that he "will now be seeking relief in the Federal Courts." ECF No. 1-20 at 5. Defendants had an obligation to preserve video footage from the three dates at issue, he argues, because Plaintiff notified Defendants of impending litigation on August 2, 2018 and Pennsylvania Department of Corrections ("DOC") policy requires Defendants to preserve video footage when a report of sexual abuse not involving sexual contact is made. ECF No. 86 ¶¶ 7, 11,12. Because Defendants failed to do so, Plaintiff argues that Defendants' failure to preserve the footage was intentional and in bad faith. Id. ¶ 12. Plaintiff argues that he has been prejudiced because "it was these specific dates on which the above captioned case was based" and this footage allegedly supports his claims. Id. ¶ 10. Plaintiff claims that, had the footage been preserved, it would have demonstrated that the opaque security barrier was not used on these dates. Id. ¶ 8.

In their Response, Defendants argue that the three videos at issue pre-dated their notice of the filing of this action on October 9, 2019, and that all three videos would have been overwritten pursuant to SCI-Greene's standard procedure by the time Defendants received notice of this lawsuit. ECF No. 91 ¶ 10. As a result, Defendants argue they had no obligation to preserve the video. Id. Defendants further note that Plaintiff's only prior request to preserve video related to the April 6, 2019 video, and this video has been preserved and made available to Plaintiff to view. Id. ¶ 11. Finally, Defendants argue that any request for a spoliation determination is premature at this stage in the litigation. Id. ¶ 12.

Based on the record presented at this time, there is no basis for imposing sanctions under Federal Rule of Civil Procedure 37(e). Under Rule 37(e), sanctions are not proper unless litigation was ongoing or anticipated at the time the ESI was lost or destroyed. Fed. R. Civ. P. 37(e); see

5

also CIGNEX, 2019 WL 1118099, at *2. Even if Plaintiff's third PREA complaint put Defendants on notice of impending litigation on August 2, 2018, as he argues, Plaintiff offers no evidence to establish that the April or May 2018 videos at issue were erased with notice of, or in anticipation of, this litigation.

Moreover, Plaintiff has not established that Defendants acted with an intent to deprive Plaintiff of the use of this information in litigation, which is required for the Court to impose sanctions under Rule 37(e)(2). Plaintiff previously represented to the Court that the opaque security barrier was not used during his strip search on April 6, 2019, and Defendants preserved and made that video available for Plaintiff to review. Although Plaintiff now claims the security barrier similarly was not used on the April, May, and August 2018 dates at issue here, this allegation regarding the security barrier does not appear in his prior complaints. See, e.g., ECF Nos. 3, 39, 1-3 at 2, 1-20 at 4, 5. Plaintiff offers no evidence that Defendants were aware of this alleged fact, let alone sufficient evidence to infer that Defendants intentionally destroyed evidence of it. This is particularly true given that Defendants have made the April 6, 2019 video available to Plaintiff, which Plaintiff asserts shows the "same thing" as the deleted videos. See ECF No. 86 ¶ 8.

Although Plaintiff informed Defendants he was videotaped during his strip searches on April 13, 2018, May 18, 2018 and August 2, 2018, the fact that inmates routinely are recorded during strip searches at SCI-Greene is not in dispute. In Defendants' Answer to Plaintiff's Amended Complaint, they admit "a policy was implemented at SCI-Greene which subjected inmates entering the visiting room to submit to a visual strip search and that the search areas were subject to video surveillance." ECF No. 63 ¶ 8. Therefore, there is also no basis to suggest that Defendants destroyed video on these particular dates to deprive Plaintiff of information regarding

the fact he was recorded. Accordingly, Plaintiff has not made a showing to support sanctions under Rule 37(e)(2).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions, ECF No. 86, is denied.

### ORDER

AND NOW, this 6th day of December, 2019, it is hereby ORDERED that Plaintiff's Motion for Sanctions, ECF No. 86, is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Vito A. Pelino
KP4339
SCI GREENE
175 Progress Dr.
Waynesburg, PA 15370

All counsel of record via CM/ECF