# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITO A. PELINO, | )<br>) |
| Plaintiff, | ) Civil Action No. 18-1232<br>) Judge David Stewart Cercone |
| v. | ) Magistrate Judge Maureen P. Kelly<br>) |
| ROBERT GILMORE, MICHAEL ZAKEN, and STEPHEN DURCO, | ) Re: ECF Nos. 137, 142 and 146<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Plaintiff Vito A. Pelino ("Plaintiff") brings this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 3. Plaintiff is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), and he asserts claims against three SCI-Greene employees. Plaintiff alleges that Defendants violated his Fourth Amendment right to bodily privacy through SCI-Greene's policy of video-recording strip searches.

Presently before the Court are three Motions for an Order Compelling Discovery ("Motions to Compel Discovery") filed by Plaintiff. ECF Nos. 137, 142 and 146.

### I.  RELEVANT PROCEDURAL HISTORY

Plaintiff's Complaint was filed on September 21, 2018, and he later filed the operative Amended Complaint on January 7, 2019. ECF Nos. 3, 39. In his Amended Complaint, Plaintiff claims that Defendants violated his Fourth Amendment rights by "implement[ing] a policy of video-recording strip searches of inmates going to, and coming from contact visits, and while using the bathroom." ECF No. 39 ¶ 8. Plaintiff alleges that inmates are subjected to strip searches "with their genitals and private parts in full view of a 360 degree ceiling camera every time they wish to have contact visits, or use the bathroom during visits." Id. ¶ 12. These recordings are stored and

"viewed at all times by SCI-Greene's security staff," which includes prison officials not present during the search and individuals of the opposite sex. Id. ¶ 13.

On January 25, 2019, Defendants moved to dismiss Plaintiff's Amended Complaint. Defendants argued that Plaintiff's claims should be dismissed because the searches are reasonable under the standard set forth in Bell v. Wolfish, 441 U.S. 520, 558 (1979), and therefore do not violate Plaintiff's Fourth Amendment rights. ECF No. 41. In support of their Motion, Defendants relied in part on a declaration from Defendant Michael Zaken (the "Zaken Declaration"). Zaken identified various precautions that SCI-Greene officials purportedly have taken to ensure that inmates' private areas are not recorded during strip searches and to limit the circumstances in which the videos are viewed. Id. at 8. The Zaken Declaration that Defendants filed is partially redacted. ECF No. 22-1.

On July 24, 2019, the Court issued a Report and Recommendation which recommended that the Motion to Dismiss be denied. The Court concluded that "Plaintiff's allegations that nude images of Plaintiff are recorded and stored for an unknown amount of time, are viewed by various prison officials, including officials of the opposite sex, and that this policy was imposed for retaliatory purposes, raise questions of fact at this early stage." ECF No. 56. United States District Judge David S. Cercone adopted the Report and Recommendation on July 29, 2019. ECF No. 58.

On August 26, 2019, the Court issued a case management order allowing a period for discovery until January 1, 2020. ECF No. 64. At Plaintiff's request, the Court granted Plaintiff two extensions of the discovery period, until March 16, 2020. ECF Nos. 108 and 136. Since the commencement of the discovery period, Plaintiff has filed nine Motions to Compel Discovery, including the three Motions presently before the Court. ECF Nos. 75, 76, 77, 79, 81, 82, 137, 142 and 146.

Plaintiff filed the instant Motions to Compel Discovery on February 24 and 28, 2020 and March 2, 2020. ECF Nos. 137, 142 and 146. Defendants filed responses in opposition. ECF Nos. 141 and 145. We will address each Motion separately.

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

## III. DISCUSSION

### A. Motion to Compel Discovery (ECF No. 137)

In the Motion to Compel Discovery filed at ECF No. 137, Plaintiff requests that the Court compel Defendants to respond to Plaintiff's Second Request for Production of Electronically Stored Information. In these discovery requests, Plaintiff requests that he be permitted to view video surveillance footage from the visiting strip-search room on December 7, 2019 from 3:20 to 4:00 p.m. and December 28, 2019 from 9:00 a.m. to 9:30 a.m. and 3:00 p.m. to 3:15 p.m., and from the lobby of the program services building on November 27, 2019 from 1:00 p.m. to 1:30 p.m.

Defendants respond that they have no record of receiving these discovery requests, and that counsel will undertake efforts to have Plaintiff review the videos that he requests. ECF No. 141. Based on Defendants' representations, the Court denies this Motion to Compel Discovery without prejudice. Defendants are directed to file a notice on the docket on or before March 16, 2020 confirming that the identified videos have been made available to Plaintiff to review.

Furthermore, although discovery in this case is about to close on March 16, 2020, the Court reminds Plaintiff that he is required to serve all discovery requests on counsel for Defendants.

### B. Motion to Compel Discovery (ECF No. 142)

In the Motion to Compel Discovery filed at ECF No. 142, Plaintiff requests that the Court compel Defendants to respond to Plaintiff's Second Set of Interrogatories and his Second Request for Production of Documents.[1] In their Response, ECF No. 145, Defendants indicate that they mailed their responses to these discovery requests on February 18, 2020. See ECF No. 145-1.

---

[1] Plaintiff's separate request to compel responses to the Second Request for Production of Documents appears on the docket at ECF No. 142-1.

4

Because responses have already been provided, the Court denies the Motion to Compel Discovery at ECF No. 142 as moot.

### C. Motion to Compel Discovery (ECF No. 146)

In the Motion to Compel Discovery filed at ECF No. 146, Plaintiff seeks to compel further responses to Interrogatory Nos. 1-3 of Plaintiff's Second Set of Interrogatories. ECF No. 145. These requests seek information related to the brand name, make, model, manufacturer, and date of installation of the x-ray body scanner. See ECF No. 145-1. Defendants objected to producing this information, asserting that it is not relevant to Plaintiff's claims and not proportional to the needs of the case.

Upon review, this Motion to Compel Discovery is denied. Plaintiff's claim arises out of alleged violations of his Fourth Amendment rights as a result of strip searches being video recorded. Plaintiff's claims do not relate to the x-ray body scanner itself, such as a products liability or negligence case would relate. As such, information regarding the x-ray body scanner is not relevant to Plaintiff's claim.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Compel Discovery, ECF Nos. 137, 142 and 146 are denied.

**ORDER**

AND NOW, this 5th day of March, 2020, it is hereby ORDERED that Plaintiff's Motions to Compel Discovery, ECF Nos. 137, 142 and 146, are DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to

5

file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Vito A. Pelino
KP4339
SCI GREENE
175 Progress Dr.
Waynesburg, PA 15370

All counsel of record via CM/ECF