# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VITO A. PELINO,                          )
                                         )
    Plaintiff,                          )    Civil Action No. 18-1232
                                         )    District Judge David Stewart Cercone
    v.                                  )    Magistrate Judge Maureen P. Kelly
                                         )
ROBERT GILMORE, MICHAEL ZAKEN,           )    Re: ECF No. 139
and STEPHEN DURCO,                       )
                                         )
    Defendants.                         )

## MEMORANDUM ORDER

Plaintiff Vito A. Pelino ("Plaintiff") brings this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 3. Plaintiff is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), and he asserts claims against three SCI-Greene employees. Plaintiff alleges that Defendants violated his Fourth Amendment right to bodily privacy through SCI-Greene's policy of video-recording strip searches.

Presently before the Court is a Motion for Leave to File a Supplemental Complaint, in which Plaintiff requests leave to amend his Complaint solely to add a First Amendment retaliation claim and an additional defendant, Gregory Johnson ("Johnson"). ECF No. 139. For the reasons set forth below, the Motion for Leave to File a Supplemental Complaint is granted.

## I.    RELEVANT PROCEDURAL HISTORY

Plaintiff's initial Complaint was filed on September 21, 2018, and he later filed the operative Amended Complaint on January 7, 2019. ECF Nos. 3, 39. In his Amended Complaint, Plaintiff claims that Defendants violated his Fourth Amendment rights by "implement[ing] a policy of video-recording strip searches of inmates going to, and coming from contact visits, and while using the bathroom." ECF No. 39 ¶ 8. Plaintiff alleges that inmates are subjected to strip

searches "with their genitals and private parts in full view of a 360 degree ceiling camera every time they wish to have contact visits, or use the bathroom during visits." Id. ¶ 12. These recordings are stored and "viewed at all times by SCI-Greene's security staff," which includes prison officials not present during the search and individuals of the opposite sex. Id. ¶ 13.

On August 26, 2019, the Court issued a case management order allowing a period for discovery until January 1, 2020. ECF No. 64. At Plaintiff's request, the Court has granted two extensions of the discovery period as to Plaintiff's single claim, and discovery is currently scheduled to conclude by March 16, 2020. ECF Nos. 107 and 135. On February 6, 2020, the Court directed that no further extensions of discovery will be granted. ECF No. 135.

On February 25, 2020, less than a month before the close of discovery, Plaintiff filed the instant Motion for Leave to File a Supplemental Complaint. ECF No. 139. Defendants filed a Response on March 3, 2020. ECF No. 148.

## II.    LEGAL STANDARD

After a responsive pleading has been filed, a party may amend its pleading only "by leave of the court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely grant leave to amend when "justice so requires." Id. Whether to grant leave to amend a pleading is within the discretion of the Court. Westport Ins. Co. v. Hippo Fleming & Pertile Law Offices, 319 F.R.D. 214, 219 (W.D. Pa. 2017). The Court has discretion to deny such a request if it apparent that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. Id. at 220. Leave to amend should generally be granted unless there is a substantial reason to deny the request. Id. at 219.

## III.    DISCUSSION

Plaintiff requests leave to amend his pleadings to include a First Amendment claim and to add Johnson, Principal of SCI-Green's Education Department, as a defendant. ECF No. 139. Plaintiff's proposed First Amendment claim arises out of purported retaliation as a result of the filing of this lawsuit. Id. The alleged retaliatory acts include Plaintiff's loss of employment as an inmate legal reference aide; confiscation of his legal reference aide work materials following his termination; threats of disciplinary action if Plaintiff continued to frequent the law library or assist other inmates with their legal claims; and officers deliberately prolonging strip searches and blaming the delay on Plaintiff's complaints. ECF No. 139-2 ¶ 25. Plaintiff seeks to add Johnson only with respect to his First Amendment claim. Id. ¶ 23. Plaintiff states that he will not require or seek additional time for discovery on the First Amendment claim. Id. ¶ 4.

Defendants do not consent to the proposed amendment, however, the Court notes that they do not oppose the request. ECF No. 148 at 2. Defendants also note that if the instant Motion is granted, they will require additional time to consider and respond to the new allegations. Id.

Under Federal Rule of Civil Procedure 15(a), Plaintiff may only amend his pleading at this stage with leave of court or by written consent of the opposing party. Fed. R. Civ. P. 15(a). Accordingly, Plaintiff may only amend his Complaint in this case if the Court exercises its discretion to permit the amendment.

Upon review, the parties do not raise any substantial reason to deny Plaintiff's request. Amendment appears to be in the interests of the efficient administration of justice, particularly in light of the fact that Plaintiff represented that he will not request additional discovery. Accordingly, leave to amend should be freely granted. See Westport Ins. Co., 319 F.R.D. at 219.

Therefore, the Court will grant Plaintiff's Motion. Plaintiff has until March 26, 2020 to file his Second Amended Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Supplemental Complaint is granted.

### ORDER

AND NOW, this _5th_ day of March, 2020, it is hereby ORDERED that Plaintiff's Motion for Leave to File a Supplemental Complaint, ECF No. 139, is granted. The Clerk of Court is directed to separately docket the Supplemental Complaint and attachments, that were attached to the instant motion at ECF No. 139-2.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    Vito A. Pelino
KP4339
SCI GREENE
175 Progress Dr.
Waynesburg, PA 15370

All counsel of record via CM/ECF