IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITO A. PELINO, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 18-1232 |
| ) | District Judge David Stewart Cercone |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| ROBERT GILMORE, MICHAEL ZAKEN, ) | Re:  ECF No. 173 |
| and STEPHEN DURCO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff Vito A. Pelino ("Plaintiff") brings this *pro se* prisoner civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 3.  Plaintiff is incarcerated at the State Correctional Institution at Greene ("SCI-Greene"), and he asserts claims against three SCI-Greene employees.  Plaintiff alleges that Defendants violated his Fourth Amendment right to bodily privacy through SCI-Greene's policy of video-recording strip searches.

Presently before the Court is Plaintiff's Motion for Sanctions, ECF No. 173.  Defendants recently filed Corrections Defendants' Response to Plaintiff's Motion for Sanctions, ECF No. 178.  For the reasons set forth below, the Motion for Sanctions is granted.

**I.   RELEVANT PROCEDURAL HISTORY**

Plaintiff's Complaint was filed on September 21, 2018, and he later filed an Amended Complaint on January 7, 2019.  ECF Nos. 3, 39.  In his Amended Complaint, Plaintiff claimed that Defendants violated his Fourth Amendment rights by "implement[ing] a policy of video-recording strip searches of inmates going to, and coming from contact visits, and while using the bathroom."  ECF No. 39 ¶ 8.  Plaintiff alleges that inmates are subjected to strip searches "with their genitals and private parts in full view of a 360 degree ceiling camera every time they wish

to have contact visits, or use the bathroom during visits." Id. ¶ 12. These recordings are stored and "viewed at all times by SCI-Greene's security staff," which includes prison officials not present during the search and individuals of the opposite sex. Id. ¶ 13. Plaintiff has argued that, although a security cage door exists for privacy, prison officials have routinely neglected to close this door in order to shield his private areas from the camera's view. ECF No. 50 ¶¶ 7-8.

Plaintiff filed a second Amended Complaint on March 5, 2020, adding a First Amendment right of access to courts claim. ECF No. 153. On April 9, 2020, Defendants filed an Answer. ECF No. 166.

On April 15, 2019, Plaintiff filed a Motion to Preserve Evidence, requesting that the Court order Defendants to preserve surveillance footage from the visiting strip-search room dated April 6, 2019. ECF No. 51. In response, Defendants notified the Court that Defendants' counsel had requested the video be preserved on April 15, 2019. ECF No. 53. The Court granted the Motion on April 29, 2019. ECF No. 55.

On August 26, 2019, the Court issued a case management order allowing a period for discovery until January 1, 2020. ECF No. 64.

On October 16, 2019, Plaintiff filed a Motion to Compel Discovery. ECF No. 77. On December 6, 2019, the Court issued an order granting the motion to the extent that Defendants were ordered to provide responses to Plaintiff's First Request for Production of Electronically Stored Information. ECF No. 100.

On November 6, 2019, Plaintiff filed a Motion for Sanctions requesting that the Court impose sanctions for Defendants' purported spoliation of electronically stored information. Defendants filed a Response opposing Plaintiff's Motion on November 15, 2019. ECF No. 91.

2

On December 6, 2019, the Court issued a Memorandum Order denying the Motion for Sanctions. ECF No. 101.

Of particular relevance to the instant Motion for Sanctions, the Court has granted multiple Motions to Preserve Evidence filed by Plaintiff, specifically relating to the preservation of video surveillance footage.

- Order granting Plaintiff's Motion to Preserve Evidence, ECF No. 105. Defendants ordered to preserve the surveillance footage from the visiting strip search room on 12/7/19 from 3:20 p.m. to 4:00 p.m. ECF No. 112.

- Order granting Plaintiff's Motion to Preserve Evidence, ECF No. 98. Defendants ordered to preserve surveillance footage from the lobby of the program services building on 11/27/19 at 1:00 p.m. to 1:30 p.m. ECF No. 113.

- Order granting Plaintiff's Motion to Preserve Evidence, ECF No. 118. Defendants ordered to preserve the surveillance footage from the visiting strip search room on 12/28/19 from 9:00 a.m. to 9:30 a.m. and 3:00 p.m. to 3:15 p.m. ECF No. 120.

- Order granting Plaintiff's Motion to Preserve Evidence, ECF No. 124. Defendants ordered to preserve surveillance footage from the Program Service building lobby and legal phone call room on December 10, 2019 from 9:20 a.m. to 10:00 a.m. ECF No. 125.

In recent months, this Court has been required to enter orders addressing the failure of Defendants to make the four above noted videos available to Plaintiff to view. On February 25, 2020, the Court directed Defendants to promptly explain why the videos had not made available for viewing. ECF No. 138. On March 5, 2020, the Court directed Defendants to file a notice on the docket on or before March 16, 2020, confirming that the videos had been made available to Plaintiff to view. ECF No. 149. In response to a request from Defendants, they were granted until March 30, 2020 to make to videos available to Plaintiff to view. ECF No. 155. Thereafter, Defendants represented to the Court that due "to the current COVID-19 emergency, the Department of Corrections does not have personnel available to facilitate inmates' review of

3

video." ECF No. 162 ¶ 8. On April 3, 2020, the Court ordered that Defendants were to arrange for productions of the videos once certain restrictions were lifted. ECF No. 163.

On April 17, 2020, Plaintiff filed a Subsequent Motion to Compel Production of Video Evidence for Discovery, ECF No. 169. Plaintiff reported to the Court that on April 9, 2020, he was shown the video from November 27, 2019. He also reported that he had still not been provided the videos from December 7, 2019 and December 28, 2019 to review and, as such, he renewed his request to view these two videos. ECF No. 169-1. Thereafter, the Court granted the motion and clearly directed that:

> Defendants are directed to make the videos referenced in this Court's prior Orders at ECF Nos. 149, 155 and 163, available to Plaintiff to review **by May 1, 2020**.

ECF No. 170 (emphasis supplied).

On May 8, 2020, Plaintiff filed a Motion for Sanctions reporting to the Court that as of May 5, 2020, Defendants failed to comply with the order to produce all of the videos for him to view by May 1, 2020. ECF No. 173.

Defendants filed a Response to the Motion for Sanctions. ECF No. 178. In the Response in opposition, Defendants make three representations that are significant to the Court's consideration of the instant Motion for Sanctions.

> 25. In compliance with the Court's order, on April 23, 2020, undersigned counsel was able to have the videos of December 28, 2019 forwarded to SCI-Greene so arrangements could be make for Plaintiff to view this video. See Exhibit B (attached hereto). However, the undersigned counsel cannot determine when DOC will have sufficient personnel available to make video available to Plaintiff to view.
>
> 26. As represented in this current motion, Plaintiff was previously permitted to view the video of December 27, 2019, on April 9, 2020. See Motion to Compel [ECF 169], at ¶ 5. See also Exhibit A.[1]

---

[1] Defendants cite to the incorrect date of December 27, 2019. ECF No. 178. The correct date of the video is November 27, 2019, from 1:00 to 1:30 p.m.

4

27. Finally, it does not appear that the video of December 7, 2019, is available. Undersigned counsel has reviewed his records to the best of his ability under the current circumstances, but it appears that this video was not preserved due to undersigned counsel's inadvertence or oversight. Following more recent inquiries to SCI-Greene, undersigned counsel has been advised that this video is no longer available.

Id.

The Motion for Sanctions is now ripe for consideration.

## II.   DISCUSSION

In his Motion for Sanctions, Plaintiff requests sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) for Defendants' failure to produce the identified videos in accordance with the prior orders of this Court. ECF No. 173. Given the Response filed by Defendants, the Court will address the request for sanctions as to the failure to produce each video separately.

### A.   December 7, 2019 Video

The record before this Court as to the request for preservation and production of the surveillance footage from the visiting strip search room on December 7, 2019 from 3:20 p.m. to 4:00 p.m. is undisputed. On December 11, 2019, just four days after the visit at issue, Plaintiff filed a Motion to Preserve Evidence. ECF No. 105. He requested that the Court compel "Defendants to preserve the surveillance footage from the visiting strip-search room on 12-7-19 from 3:20 p.m. to 4:00 p.m. for discovery purposes." Id. On December 20, 2019, the Court entered an Order granting Plaintiff's Motion to Preserve Evidence, at ECF No. 105, and directing that Defendants were "ordered to preserve the surveillance footage from the visiting strip search room on 12/7/19 from 3:20 p.m. to 4:00 p.m." ECF No. 112. Thereafter, the Court issued four subsequent orders, ECF Nos. 138, 149, 155 and 163, requiring the production of the December 7, 2019 video for viewing, as well as three other videos.

5

During the five months between Plaintiff's filing of the Motion to Preserve Evidence as to the December 7, 2019 video and the filing of Defendants' Response to Plaintiff's Motion for Sanctions, at no time did the Defendants or their counsel ever inform this Court that the video had not been preserved. Quite to the contrary, Defendants kept representing to this Court that the videos would be made available for viewing by Plaintiff. Only now, five months after the Order of this Court expressly directing preservation of the December 7, 2019 video, do the Defendants represent that "it does not appear that the video of December 7, 2019, is available." ECF No. 178 ¶ 27. Defendants state that "it appears that this video was not preserved" due to "inadvertence or oversight." Id. Defendants attempt, by implication, to put the blame on Plaintiff by saying that he "has requested videos from several different dates on several different occasions." Id. ¶ 28. The blame is not on Plaintiff, who promptly and properly filed on the docket four motions for preservation of four videos on specific dates, at specific locations, during narrow windows of time. ECF Nos. 98, 105, 118 and 124. The responsibility lies solely with the Defendants. Nonetheless, Defendants ask the Court to disregard that "this one request was overlooked." Id.

Federal Rule of Civil Procedure 37 authorizes a court to impose sanctions against a party that fails to comply with a court order. Fed. R. Civ. P. 37. Although the Federal Rules of Civil Procedure permit a court to sanction, "[t]he ultimate decision to impose sanctions under Rule 37 and any determination as to what sanctions are appropriate are matters entrusted to the discretion of the district court." Dufala v. Primanti Bros., No. 2:15-cv-647, 2015 U.S. Dist. LEXIS 132964, at *2 (W.D. Pa. Sept. 30, 2015) (citing Bowers v. Nat'l College Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007)).

There are two subsections of Federal Rule of Civil Procedure 37 which are implicated by Defendants' conduct in this matter: Rule 37(b)(2) and (e). Rule 37 provides, in relevant part:

(b)(2) **Sanctions Sought in the District Where the Action is Pending**.

(A) *For Not Obeying a Discovery Order*. If a party or a party's officer, director, or managing agent – or witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence:

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

In the instant case, it is clear that sanctions can be imposed against Defendants pursuant to Rule 37(b)(2) for failure to obey discovery orders directing the preservation of evidence and the production of this discovery to Plaintiff.

Federal Rule of Civil Procedure 37(e) addresses sanctions available for a party's loss or destruction of electronically stored information ("ESI"). Rule 37(e) provides:

> **(e) Failure to Preserve Electronically Stored Information.** If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>>
>> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>
>>> **(A)** presume that the lost information was unfavorable to the party;
>>>
>>> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
>>>
>>> **(C)** dismiss the action or enter a default judgment.

Thus, under Rule 37(e), "a party's loss of ESI may be sanctionable when: (1) litigation is ongoing or anticipated, (2) the party failed to take reasonable steps to preserve the ESI, and (3) the information lost cannot be restored or replaced through additional discovery." CIGNEX Datamatics, Inc. v. Lam Research Corp., No. 17-320, 2019 WL 1118099, at *2 (D. Del. March 11, 2019).

"Rule 37(e)(1) allows for curative measures when a party's loss of ESI causes prejudice to another party, while Rule 37(e)(2) allows for more severe sanctions when the loss of ESI occurred with 'intent to deprive another party of the information's use in litigation.'" Id. (citing Fed. R. Civ. P. 37(e)(1) and (2)). Whereas Rule 37(e)(1) addresses a party's negligent or grossly negligent failure to preserve ESI, subsection (e)(2) addresses instances of a party's intentional destruction or loss of ESI. Id.

The United States Court of Appeals for the Third Circuit has recognized that "[s]poliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." Bull v. United Parcel Serv.

8

Inc., 665 F.3d 68, 73 (3d Cir. 2012). The Third Circuit has held that "a finding of bad faith is pivotal to a spoliation determination." Id. at 79.

In considering Plaintiff's Motion for Sanctions, viewed in the context of Defendants' admission of the failure to comply with an express Order of Court to preserve the December 7, 2019 video, the Court finds that there is a basis for imposing sanctions under Federal Rule of Civil Procedure 37(b)(2) and (e). In terms of analysis of the instant situation, we turn to the Rule 37(e) factors. First, this lawsuit was commenced by Plaintiff with the filing of the Complaint on September 21, 2018. ECF No. 3. Plaintiff's Motion to Preserve Evidence in the form of the December 7, 2019 video was filed on December 11, 2019. So, the litigation was clearly ongoing as of December 2019. Second, Defendants failed to take reasonable steps to preserve the December 7, 2019 video. Within four days of the recording of the video on December 7, 2019, Plaintiff filed the Motion to Preserve Evidence on December 11, 2019. ECF No. 105. Clearly, Defendants (through their counsel) were on notice by December 11, 2019 of the duty to preserve ESI in the form of the December 7, 2019 video. Further, the Court issued an order on December 20, 2019 expressly directing preservation of the December 7, 2019 video. ECF No. 112. Lastly, based on Defendants' statement that the video was not preserved, there does not appear to be any means to replace it. As a result, Plaintiff has been prejudicially deprived of potential evidence to rebut Defendants' claim that security cages are used to shield inmates' private areas from the camera's view. Accordingly, the imposition of sanctions for failure to preserve the December 7, 2019 video and for violating the Order of Court is required.

As to the appropriate sanction, it appears, that the failure to preserve the video comes within Rule 37(e)(1) relative to a party's negligent or grossly negligent failure to preserve ESI. At this point, the Court has no evidence that the failure to preserve was intentional destruction.

9

As previously recognized in this Memorandum Order, *supra* at 6, federal district courts have very broad discretion to use sanctions to ensure compliance with court orders. Miller v. Thompson-Walk, No. 15-1605, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019). Rule 37(b) provides courts with a "veritable arsenal of sanctions" to use to deter and rectify discovery violations. Id. In considering the imposition of a just sanction, the Court's discretion is limited in two ways: (1) any sanction must be just; and (2) the sanction must be related to the claim that was at issue. Id.; see also Clientron Corp. v. Devon IT, Inc., 894 F.3d 568, 580 (3d Cir. 2018). The district court "must ensure that the sanction is tailored to meet the harm identified." Klein v. Stahl GMBH, 185 F.3d 110-11 (3d Cir. 1999) (quoting Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 73 (3d Cir. 1994)). Moreover, Rule 37(e)(1) permits the Court to order measures necessary to cure the prejudice caused by the loss of information a party failed to preserve.

Having considered Plaintiff's Motion for Sanctions and Defendants' Response in opposition viewed in the context of the relevant Orders of the Court, a sanction must now be crafted to address the conduct of Defendants in failing to obey the Order dated December 20, 2019 and in failing to preserve the video surveillance footage from the visiting strip search room on December 7, 2019. The sanctions imposed are tailored to address the conduct of Defendants and resulting harm to Plaintiff. The Court imposes the following sanctions.

First, at time of trial, the jury will be given an appropriate permissive adverse inference instruction relative to the failure of Defendants to preserve the December 7, 2019 video in violation of an Order of Court.

Second, Defendants will be prevented from introducing any evidence at trial supporting any defense as to conduct engaged in by Defendants or any DOC employee during the search on December 7, 2019.

Third, Defendants will be prevented from introducing any evidence in support of a motion for summary judgment as to conduct engaged in by Defendants or any DOC employee during the search on December 7, 2019.

Fourth, Defendants are ordered to reimburse Plaintiff the sum of $75.00, estimated by the Court to cover all postage and copying costs incurred, relative the Motion for Sanctions and related filings.

**B.  December 28, 2019 Video**

The Court previously ordered Defendants to produce to Plaintiff to view the surveillance video from the visiting strip search room on December 28, 2019 from 9:00 a.m. to 9:30 a.m. and 3:00 p.m. to 3:15 p.m. ECF Nos. 138, 149 and 155. On April 17, 2020, this Court clearly directed Defendants to produce the video to Plaintiff to view by May 1, 2020. ECF No. 170. Nonetheless, it appears that the video has still not been provided to Plaintiff to view. Counsel for Defendants cannot absolve himself of the responsibility to comply with the April 17, 2020 Order by simply saying that he "forwarded" the video "to SCI-Greene" for them to make arrangements for Plaintiff to view. The video was to be produced to Plaintiff for viewing by May 1, 2020. Accordingly, counsel for Defendants is ordered to take prompt and immediate action to require that the December 28, 2019 video for the two time periods be provided to Plaintiff for viewing by May 29, 2020. Within three days of such viewing, Defendants are to file a Notice on the docket verifying the same.

III.   **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Sanctions, ECF No. 86, is granted. Notice is hereby given to Defendants that should they fail to preserve any other video evidence and/or fail to abide by any other orders, including this Memorandum Order, they may be subject to additional sanction.

**ORDER**

AND NOW, this 21st day of May, 2020, it is hereby ORDERED that Plaintiff's Motion for Sanctions, ECF No.173, is GRANTED and sanctions are imposed as set forth herein.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Vito A. Pelino
KP4339
SCI GREENE
175 Progress Dr.
Waynesburg, PA 15370

All counsel of record via CM/ECF