IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VITO A. PELINO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:18cv1232 |
| ) | **Electronic Filing** |
| **ROBERT GILMORE** (Supt.), ) | |
| **MICHAEL ZAKEN** (DSFM), **STEPHEN** ) | |
| **DURCO** (Security Capt.), and ) | |
| **GREGORY JOHNSON**, ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 18th day of March, 2021, upon due consideration of defendants' motion for summary judgment, [203] the Report and Recommendation of the Magistrate Judge addressing the motion, and [206] plaintiff's objections to the Report and Recommendation, and after *de novo* review of the record, IT IS ORDERED that [189] defendants' motion for partial summary judgment be, and the same hereby is, granted. Summary Judgment is granted in favor of defendants and against plaintiff on plaintiff's Fourth Amendment claim.

Plaintiff's objections are misplaced. Plaintiff conflates his burden of advancing sufficient evidence to establish an issue of material fact with his ability to identify some evidence that suggests his theories of what happened might be true. The two are not the same. At this juncture plaintiff is required to come forward with sufficient information that could be reduced to admissible evidence, which evidence in turn would permit the finder of fact to conclude that each element of his Fourth Amendment claim has been proven by a preponderance of the evidence. See Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (Rule 56 "'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting Celotex Corp. v.

Catrett, 477 U.S. 317, 322–23 (1986)).  A colorable showing of a violation of his Fourth Amendment rights will not suffice.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (If the non-moving party's evidence is merely colorable or lacks sufficient probative force summary judgment may be granted).  Nor will reliance on speculation and conjecture.  Robertson v. Allied Signal, Inc., 914 F.2d 360, 382-83 n.12 (3d Cir. 1990).

As highlighted in the Report and Recommendation, plaintiff's "evidence" that female corrections officers such as Martin and Sergeant Demaske have viewed recordings of the strip searches, and a recording of one his in particular, is at best colorable.  And beyond this lack of evidence, the precautionary measures implemented as part of SCI Greene's recording policy governing strip searches during conjugal visits preclude a sound inference that plaintiff has been "exposed" on the recordings in a manner that violates the Fourth Amendment.  It is this state of affairs that warrant the granting of defendant's motion.  See Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574, 586-57 (1986) (In meeting its burden of proof, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

Moreover, plaintiff's reliance on the lapses in maintaining the opaque barrier in compliance with the Department of Corrections and SCI Greene's operating protocol to create an unreasonable invasion of his Fourth Amendment rights falls short.  Indeed, the occurrence of these shortcomings on some occasions during the time in question is admitted by defendants.  But as highlighted by the Magistrate Judge, and even the authority advanced by plaintiff, it is the unreasonable intrusion into an area imbued with an expectation of privacy that offends the Fourth Amendment.

Plaintiff's claim of a Fourth Amendment violation cannot be divorced from the setting in which the invasion occurred.  Plaintiff's own summary of  Watley and Fatir essentially

acknowledge that a strip search can be justified in a penal institution in order to protect and secure the safety of the individual inmate and/or the need to maintain safety for the protection of all inmates and staff within the institution. See Objections (Doc. No. 206) at 4-5.

The searches of plaintiff followed specific conduct that created a heightened risk for the transfer of prohibited contraband. It is this setting that elevates the showing plaintiff must make in order to establish that there has been an unreasonable invasion of his privacy. And while plaintiff has proof that the operating procedures at the institution were not methodically followed on every occasion, the mere failure to employ the opaque barrier as intended and the exposure of plaintiff during those strip searches does not in itself reduce that exposure to a degrading or humiliating search in violation of the Fourth Amendment. Plaintiff appears to recognize as much and seemingly struggles to conjure up such conduct on behalf of defendants. But in the end his efforts produce only speculative inferences that the exposures were intended to and did produce such an invasion or subsequently were viewed in a manner that produced one. Such efforts cannot defeat defendants' motion.

It follows that defendants' motion for partial summary judgment properly has been granted. The Magistrate Judge's Report and Recommendation of December 18, 2020, as augmented above, is adopted as the opinion of the court.

s/David Stewart Cercone  
David Stewart Cercone  
Senior United States District Judge

cc:    Vito A. Pelino  
       KP4339  
       SCI Greene  
       175 Progress Drive  
       Waynesburg, PA 15370

       (*Via First Class Mail*)

Scott A. Bradley, SDAG

(*Via CM/ECF Electronic Mail*)